UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: NURTURE BABY FOOD LITIGATION | Master File No. 1:21-CV-1217-MKV |
|---|---|
| This Document Relates To:<br>ALL ACTIONS | Hon. Mary Kay Vyskocil |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
STEVEN L. BLOCH AND AARON ZIGLER AS INTERIM CO-LEAD CLASS
COUNSEL PURSUANT TO FED. R. CIV. R. 23(g)**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. The Nationwide Plaintiffs Group Satisfies the Rule 23(g) Factors ........................ 2

        1. The Nationwide Plaintiffs Group Has Done the Most Comprehensive, Meaningful Work in This Action Thus Far ................................................. 3

        2. Counsel Has Extensive Experience Handling Complex Class Actions and Knowledge of the Applicable Law ............................................................... 4

            a. Steven L. Bloch and SGT ..................................................................... 4

            b. Aaron Zigler and ZLG ............................................................................6

        3. The Nationwide Plaintiffs Group Will Commit Substantial Resources to the Litigation ................................................................................................9

    B. Numerous Discretionary Factors Favor Appointment of the Nationwide Plaintiffs Group ........................................................................................................................ 9

III. CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Buonasera v. Honest Co., Inc.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) ..................................................................................2, 3

*In re: Int. Rate Swaps Antitrust Litig.*,
   No. 16-MC-2704, 2016 WL 4131846 (S.D.N.Y. Aug. 3, 2016) ..............................2

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) .................................................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 23(g) ...............................................................................................................1, 2
   Rule 23(g)(1)(B) .....................................................................................................3, 9
   Rule 23(g)(3) ...............................................................................................................2
   Rule 23(g)(1)(A) .........................................................................................................2

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION §21.11 (4th ed. 2004) ...........................................2

Plaintiffs[1] respectfully request that this Court: (1) appoint Steven L. Bloch of Silver Golub & Teitell LLP ("SGT") and Aaron Zigler of Zigler Law Group ("ZLG") as Interim Co-Lead Counsel.[2]

## I.   INTRODUCTION

The Nationwide Plaintiffs Group easily satisfies the requirements of Fed. R. Civ. P. 23(g), and appointment of the Nationwide Plaintiffs Group will provide the greatest benefit to the class. Importantly, the Nationwide Plaintiffs Group is the only group to represent individuals that have brought claims under each of the fifty states' consumer protection laws. The Nationwide Plaintiffs Group has expended significant time, efforts and resources pleading claims under the laws of each state and providing pre-suit notice as required under those statutes.

Messrs. Bloch and Zigler and their respective firms are on the forefront of class action litigation and have repeatedly demonstrated their ability to litigate against vigorous opposition from defendants to recover hundreds of millions of dollars on behalf of consumers, investors, and others injured by corporate wrongdoing. This case will be no different. Defendant Nurture, Inc. ("Nurture") is one of the largest baby food manufacturers in the world and sophisticated

---

[1] "Plaintiffs" refers to Meagan Albert, Angela Arrowsmith, Elizabeth Austin, Alyssa Megan Barb, Courtney Barron, Ashley Baxter, Brittany Bennett, Crystal Brinig, Augustina Briones, Camarie Broomfield, Ana Butkus, Mayelin Carranza, Samantha Clark, Melanie Cole, Kimberly Conway, Michelle Corbett, Angela Cox, Brandy Davis, Kaley Deford, Chelzy Desvigne, Brittany Distaso, Alana Doyeto, Sudipta Dutta, Samantha Edwards, Ayame Tatiana Galassini, Marcela García, Kelsey Glennon, Christina Gordon, Austin Gundersen, Amanda Hill, Shannon Herrington, Lillian Hinkle, Amanda Hobbs-Rogers, Yuhwa Jang, Rebecca Keeton, Sara Kilburn, Sarah Knaapen, Karleen Kozaczka, April Lockhart, Andrew Lohse, Lori Ann Louis, Samantha Lui, Ashley Martinez, Elizabeth McDowell, Lori-Ann Mckenzie-Henry, Janice Taina Mercado Guadalupe, Lyrik Merlin, Loukevia Moore, Andrea Mozo, Leah Ostapchenko, Corinthea Pangelinan, Mia Pelletier, Ashley Pierce, Janinne Price, Debbie Reed, Kassandra Romero, Maggie Rouse, Bridget Salopek, Lea Santos, Amanda Schram, Porsche Stokes, Rachel Stratton, Ashley Swenningson, Margo Tezeno, Shiloh Thomas, Casey Tisdale, Rachael Treetop, Sonja Renée Twiggs, Brittany Wallace, Natalie Williams, Amber Wright, Retrena Younge, Charisse Zapata, and Christen Zulli, the named plaintiffs in *Albert, et al. v. Nuture Inc.*, 1:21-CV-08030 (S.D.N.Y.).

[2] SGT and ZLG are collectively referred to as the "Nationwide Plaintiffs Group."

counsel with experience in all aspects of complex litigation will be required to adequately represent Plaintiffs and the classes. Moreover, this litigation likely will involve complex technical analysis and voluminous discovery. The Nationwide Plaintiffs Group has the experience and technical wherewithal to handle these challenges and extensive relationships with technical experts necessary to prosecute this litigation.

For these reasons, Plaintiffs respectfully request that the Court appoint Mr. Bloch and Mr. Zigler as Interim Co-Lead Class Counsel.

**II.     ARGUMENT**

**A.     The Nationwide Plaintiffs Group Satisfies the Rule 23(g) Factors**

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" Manual For Complex Litigation (Fourth) § 21.11 (2004). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *In re: Int. Rate Swaps Antitrust Litig.*, No. 16-MC-2704, 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016); *see also Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016). Those factors are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).  None of these factors is individually determinative; rather, they provide a framework under which the

Court may determine whether counsel can fairly and adequately represent the class. Further, the Court may consider any other criteria it deems relevant. Fed. R. Civ. P. 23(g)(1)(B).

### 1. The Nationwide Plaintiffs Group Has Done the Most Comprehensive, Meaningful Work in This Action Thus Far

The Nationwide Plaintiffs Group has demonstrated its commitment to this action by laying the groundwork for discovery, class certification, and trial. Importantly, the Nationwide Plaintiffs Group has filed the only truly nationwide complaint – bringing a case on behalf of 74 plaintiffs, who have standing to assert three nationwide common law claims and state statutory claims for all 50 states and the District of Columbia. In contrast, competing leadership groups combined have filed actions on behalf of plaintiffs from fewer than half those states.

Moreover, the Nationwide Plaintiffs Group has already established a working relationship with a food testing laboratory, have tested and confirmed that a number of baby foods cited in the congressional report which sparked these actions in fact contain toxic heavy metals, and will continue to devote substantial resources to testing through this litigation. This type of preliminary investigative work is crucial and necessary to support Plaintiffs' claims, inform discovery requests, and provide vital evidence of wrongdoing, weighing in favor of the Nationwide Plaintiffs Group. *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D.184, 186 (S.D.N.Y. 2008) (finding that the work done by counsel to "identify and investigate" potential claims and that counsel had "invested significant resources in investigating the claims in this action" weighed in favor of appointment as class counsel); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (noting that the work done by counsel to "analyze[ ] the ingredients at issue, researched relevant case law, and reviewed publicly available information" regarding the defendant's products weighed in favor of class counsel appointment). The

Nationwide Plaintiffs Group's ongoing investigative efforts will ensure that this action is will ready to proceed expeditiously on behalf of all class members nationwide.

The Nationwide Plaintiffs Group's ongoing investigative efforts will ensure that this action is ready to proceed expeditiously on behalf of all class members. Upon the appointment, Mr. Bloch and Mr. Zigler will continue to expeditiously amend the pleadings and serve discovery and would welcome the input and cooperation of additional counsel from the consolidated actions.

### 2. Counsel Has Extensive Experience Handling Complex Class Actions and Knowledge of the Applicable Law

#### a. Steven L. Bloch and SGT

Steven Bloch has extensive experience in litigating complex class, group, and direct actions involving insurance and financial products and services, consumer fraud, employee and health benefits, antitrust, and securities. See Bloch Decl., Ex. A (SGT firm resume). In addition, he has a wide range of complex commercial litigation experience, including corporate disputes, civil RICO, business torts, real estate, banking and credit card transactions, and labor and employment.

A sampling of cases Mr. Bloch is currently litigating or has successfully litigated to conclusion in a leadership or co-counsel role include:

- ***Retirement Program for Employees of the Town of Fairfield, et al. v. Allianz Global Investors U.S. LLC, et al.***, No. 20-cv-5817 (S.D.N.Y.) (claims on behalf of a proposed class of investors arising out of nine-figure hedge fund losses);

- ***In re EpiPen Direct Purchaser Litigation***, No. 20-cv-00827 (D. Minn.) (Part of a committee with court-appointed interim co-lead counsel representing proposed class of direct purchasers alleging overcharges predicated on inflated prices of brand and generic EpiPen);

- ***Zaluda, et al. v. Apple Inc.***, No. 2019-CH-11771 (Circuit Court of Cook County, Illinois County Department, Chancery Div.) (Representing proposed class of

users of Apple's Siri-enabled devices in Illinois, alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS/14, *et seq*.);

- *Hubbard v. Google LLC*, No. 19-7016 (N.D. Cal.) (Proposed class action against Google and YouTube as well as children's entertainment companies that operated YouTube channels, alleging claims based on tracking of children's online activity);

- *Dodona I, LLC v. Goldman, Sachs & Co.*, No. 10-cv-07497 (S.D.N.Y.) (Certified class of collateralized debt obligation investors in an action against Goldman, Sachs & Co., resulting in a $27.5 million settlement);

- *Spencer v. The Hartford Financial Services Group, Inc.*, No. 05-cv-1681 (D. Conn.) (Certified class of 22,000 owners of structured settlement annuities asserting RICO and fraud claims against The Hartford Financial Services Group, Inc. and its affiliates resulting in a $72.5 million settlement);

- *Nationwide Mutual Insurance Company v. O'Dell*, No. 00-C-37 (West Virginia Circuit Court, Roane County) (Certified class of policyholders against Nationwide Mutual Insurance Company arising out of Nationwide's failure to offer policyholders the ability to purchase statutorily required underinsured and uninsured motorist coverage under automobile insurance policies, resulting in a $75 million settlement.).

- *Smith v. Collinsworth, et al.*, Case No. CV2004-72-2 (Circuit Court of Saline County, Arkansas) (settlement on behalf of a certified class of policyholders in multiple states against United American Ins. Co. and certain agents and affiliates concerning the sale of limited benefit health insurance ($30 million)); and

- *Becker v. American Family Life Assurance Company of Columbus and AFLAC, Inc.*, Case No. 05-2101 (D. South Carolina) (settlement on behalf of a certified class of policyholders in multiple states against AFLAC, Inc. concerning the improper adjustment of supplemental disability income policies ($7 million)).

SGT is a plaintiffs' law firm headquartered in Stamford, Connecticut with five decades of litigation and trial experience. SGT's class action and complex litigation practice has recovered billions of dollars in settlements and judgments on behalf of private individuals, corporate whistleblowers, state and local governments, unions, and pensions funds, among others. For example, SGT achieved what was then the largest False Claims Act ("FCA") whistleblower award ever recovered in an FCA action against United Technologies Corporation which settled

for $150 million. SGT additionally served as lead private counsel for the State of Connecticut in its action against the tobacco industry, recovering almost $4 billion for the State, including a several hundred million dollar award in recognition of SGT's contributions to the nationwide litigation. More recently, SGT achieved a settlement of over $250 million while serving as court-appointed lead counsel for a class of more than 40,000 unionized employees alleging that the firing of over 3,000 union members violated the union's and its members' First Amendment rights of free speech and free association. *See State Emps. Bargaining Coalition v. Rowland*, No. 03-CV-221 (D. Conn.).

### b. Aaron Zigler and ZLG

Aaron Zigler is the founding member of ZLG. ZLG is a national class action and complex litigation firm committed to protecting consumers and investors from corporate misconduct. ZLG attorneys have decades of combined experience and have successfully litigated countless complex cases across multiple industries including consumer fraud, securities fraud, breach of contract, breach of warranty, breach of fiduciary duties, and wage and hour violations, among others. Mr. Zigler has extensive experience in high-stakes litigation against some of the largest corporations. He has handled all aspects of litigation, won contested class certification motions and dispositive motions, taken extensive discovery, and negotiated substantial settlements. He has received the recognition of his peers through a Martindale-Hubbell AV Preeminent peer rating and multi-year selection as a Super Lawyers "Rising Star." Mr. Zigler has also been honored as a finalist for Public Citizen's Trial Lawyer of the Year award. He is a member of the American Society of Legal Writers. Mr. Zigler's efforts have led to the resolution of numerous class action cases on behalf of millions of consumers.

Prior to founding ZLG, Mr. Zigler was a partner at Keller Lenkner, where he managed its class action group and supported its mass arbitration practice, and at Korein Tillery, where he managed all aspects of high-stakes litigation for nearly two decades.

A sampling of cases in which Mr. Zigler has played a significant leadership role include:

- ***Fishon v. Peloton Interactive, Inc.,*** **No. 19-CV-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020).** Purchasers of Peloton bikes and treadmills brought an action under N.Y. GBL § 349 and § 350 alleging Peloton committed false advertising and consumer fraud when it advertised its on-demand library as "ever-growing" but slashed the number of available classes in half in March 2019.

- ***Senne v. The Office of the Comm'r of Baseball,*** **No. 14-CV-00608-JCS, 2017 WL 897338 (N.D. Cal. Mar. 7, 2017).** Minor League baseball players are paid less than minimum wage during the season and not paid at all during Spring Training. Plaintiffs won certification of an FLSA collective and a Rule 23 class of minor leaguers who played in California. *Senne,* 2017 WL 897338 (N.D. Cal. Mar. 7, 2017)*.* The Ninth Circuit affirmed the certification of the California class and reversed denial of Arizona and Florida classes. *Senne v. Kansas City Royals Baseball Corp.,* 934 F.3d 918, 922 (9th Cir. 2019)

- ***Axiom Investment Advisors, LLC v. Barclays Bank PLC,*** **No. 15-cv-9323-LGS (S.D.N.Y. July 19, 2017).** This nationwide class alleged that instead of executing currency orders placed by Barclays' customers as they were received, Barclays delayed execution of matched trades for several hundred milliseconds. If the trade would be unfavorable, Barclays reneged on the agreed price and either rejected the trade or filled the order at a worse price. The matter settled for $50 million.

- ***United States ex rel. Garbe v. Kmart Corp.,*** **73 F. Supp. 3d 1002 (S.D. Ill. 2014).** Kmart pharmacies charged low, flat-rate prices for certain generic drug prescriptions when those drugs are purchased by cash customers. However, Kmart charged significantly higher prices to customers with Medicare Part D coverage for the same prescription. Kmart claimed it had not overcharged the Government because its cash-customers are not the "general public" but rather members of an exclusive "club" through which they are offered the discount prices. The district court rejected Kmart's arguments and denied its motions for summary judgment. Kmart appealed. The Seventh Circuit ruled that price given to Kmart pharmacy customers paying out-of-pocket should have been passed along to the Government. *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632 (7th Cir. 2016). Following additional motion practice, Kmart settled on the eve of trial with Kmart agreeing to pay $59 million.

- ***City of Greenville v. Syngenta Crop Prot., Inc.,*** **3:10-CV-188-JPG-PMF (S.D. Ill.).** A class of public and private water providers throughout the country alleged

7

that the herbicide atrazine—one of the most-used herbicides in the United States—contaminated their water supplies. After almost eight years of litigation in state and federal court, the case settled for $105 million. Public Justice honored Aaron Zigler as one of its finalists for its Trial Lawyer of the Year award for his work in this case.

- ***Parker v. Sears, Roebuck & Co.,* Case No.: 04-L-716 (Ill. Cir. Ct. Sept. 18, 2007)*.*** This action sought to remedy Sears' failure to install anti-tip safety devices, which prevent ranges from tipping over and severely burning or injuring unsuspecting consumers, on ranges that it sold, delivered and set-up in customers' homes. To increase its profits, Sears adopted a policy of refusing to install anti-tip brackets during normal installation unless the customer agreed to incur a substantial cost. At the same time, Sears failed to disclose the hazards associated with forgoing anti-tip bracket installation. The case settled providing complete relief to the class by requiring Sears to install anti-tip brackets for the affected members of the class as well as requiring the installation of such brackets in the future. This settlement was touted by the public interest organization Public Citizen as an example as to how consumer class actions benefit society.

- ***Barbara's Sales, Inc. v. Intel Corp.,* 367 Ill. App. 3d 1013 (July 25, 2006).** Plaintiffs alleged that defendant engaged in consumer fraud by concealing from purchasers that the Pentium 4 was not any faster or otherwise superior to the Pentium III available at the same time. Plaintiffs asked that a class be certified including all purchasers of Pentium 4 computers within the United States and applying California law to the defendant's conduct on the ground that the defendant's wrongful conduct occurred in that California, and the policies animating its conduct-governing law gave the state the most significant relationship with the litigation and that as the defendant's principal place of business, it had a significant aggregation of contacts to support application of its law nationwide. After the trial court certified a class action restricting the class to Illinois purchasers and applying Illinois law, the plaintiffs appealed. The appellate court reversed, agreeing that a nationwide class was appropriate and that California law should apply to all purchases.

- ***Hoormann v. SmithKline Beecham Corp.,* 04-L-715 (Ill. Cir. Ct. May 17, 2007).** A nationwide class of purchasers alleged that SmithKline Beecham promoted Paxil and Paxil CR for prescription to children and adolescents, despite actual knowledge that these drugs exposed them to dangerous side effects while also failing to treat their symptoms. The settlement established a $63.8 million fund to reimburse class members 100% of their out-of-pocket expenses. The New York Attorney General's Office settled its lawsuit concerning the same conduct for a $2.5 million fine.

- ***Prather v. Pfizer Inc.,* 02-L-480 (Ill. Cir. Ct. Dec. 2, 2004).** Pfizer marketed its anti-diabetes drug Rezulin as a "breakthrough" that was as "safe as a placebo." But over the course of the three years Rezulin was on the market, many people

>
> died and many more were seriously injured as a result of its use. Because of the harmful effects of Rezulin, thousands of personal injury cases and 50 class action cases were filed. Of the class actions, only this one—alleging unfair business practices under the New Jersey Consumer Fraud Act—lead to any recovery. The settlement established a $60 million fund to pay 85% of plaintiffs' out-of-pocket expenses for Rezulin and an additional $20 million cy pres award to finance diabetes research. This settlement was used on the floor of the Senate as an example of why state-court class actions serve the public good. See 150 Cong. Rec. 92, S7714-17 (July 7, 2004 statement of Sen. Durbin); 151 Cong. Rec. 12, S1082-85 (February 8, 2005 statement of Sen. Durbin).

*See* Zigler Decl.

\*       \*       \*

Based on the experience gained in the successful prosecutions and landmark results in the above cases, the Nationwide Plaintiffs Group is uniquely positioned to represent the interests of the proposed class and to lead the successful prosecution of this case.

### 3. The Nationwide Plaintiffs Group Will Commit Substantial Resources to the Litigation

SGT and ZLG have advanced millions of dollars on behalf of the classes they have represented and are prepared to advance similar substantial sums in the prosecution of this case. The Nationwide Plaintiffs Group anticipates the amount of data Plaintiffs' counsel will be required to process in discovery is substantial. And both SGT and ZLG, as evidenced by the experience discussed above, have experience with litigation involving large amounts of data and deep-pocketed defendants. The Nationwide Plaintiffs Group is committed to devoting the necessary and appropriate resources to this case to benefit the class over the course of this litigation.

### B. Numerous Discretionary Factors Favor Appointment of the Nationwide Plaintiffs Group

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Multiple additional factors

support appointment of Mr. Bloch and Mr. Zigler as Co-Lead Class Counsel here. **First**, the Nationwide Plaintiffs Group is one of the only proposed leadership structures that can legitimately claim to represent a nationwide class. Indeed, Plaintiffs represented by the Nationwide Plaintiffs Group come from all 50 states.[3] **Second**, through their extensive, multi-decade experience prosecuting complex class actions, the Nationwide Plaintiffs Group has developed significant relationships with industry experts, regulatory personnel, and settlement administration experts. These relationships have already been put to work as the Nationwide Plaintiffs Group continue testing numerous samples of the contaminated baby food cited in the congressional report.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Steven L. Bloch and Aaron Zigler as Co-Lead Class Counsel.

DATED:   September 28, 2021

/s/ Steven L. Bloch
Steven L. Bloch
Ian W. Sloss
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901
Tel.: (203) 325-4491
Fax: (203) 325-3769
sbloch@sgtlaw.com
isloss@sgtlaw.com

Aaron M. Zigler
Robin Horton Silverman*
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street
Suite 333
Chicago, IL 60661
Tel: (312) 673-8427

---

[3] Conversely, it appears that some of the other proposed leadership structures have more attorneys than clients.

aaron@ziglerlawgroup.com
robin.horton@ziglerlawgroup.com

*pro hac vice* forthcoming

*Attorneys for Plaintiffs*